UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL LUIS SANTOS, | : | CIVIL ACTION NO. 3:CV-15-0243 |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| JOSE LOPEZ HERNANDEZ, | : | |
| Defendant | : | |

### MEMORANDUM

Angel Luis Santos, an inmate confined in the Allenwood United States Penitentiary, Lewisburg, Pennsylvania ("USP-Allenwood"), filed the above captioned Bivens[1] styled civil rights complaint pursuant to 28 U.S.C. § 1331. (Doc. 1, complaint). The only named Defendant is Jose Lopez Hernandez, a federal inmate confined in the United States Penitentiary, Terre Haute, Indiana. Id. Plaintiff seeks to proceed in forma pauperis. (Doc. 8).

The complaint has been preliminarily screened and, for the reasons set forth below, will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(i).

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

I.  **Allegations in the Complaint**

Santos states that Inmate Lopez contracted his services to file various actions on behalf of Lopez. Id. He states that in exchange for his services "Lopez would feed Santos his leftovers at the typewriter so the work could get finished", but Lopez's leftovers were "contaminated with Hep C." Id. Plaintiff states that "for a sum of (5) five years Defendant Lopez has known that his type of Hepatitis C is contagious via I.V. and bodily fluids, 'saliva', when he coerced Santos into eating out of [his] bowl with contaminated food and spoon under the guise of brotherhood." Id. Santos believes that "this act by Lopez was done in negligence to inform Santos of contamination" and "done willfully, maliciously and sadistically, with malice and forethought." Id.

Additionally, Santos claims that on November 10, 2014, he "had $40.00 posted on Lopez's account for Santos' commissary needs but Lopez foiled and sabotaged the purchase by simultaneously submitting a commissary list", in an attempt to "defraud Santos of the funds." Id. Thus, Plaintiff filed the instant action in which he seeks compensatory and punitive damages for deliberate indifference to his health, battery, emotional injury, fraud and wanton and willful neglect. Id.

## II. Discussion

Under the Prison Litigation Reform Act of 1995[2] (the "Act"), the court is obligated to screen the complaint when a plaintiff wishes to proceed in forma pauperis pursuant to 28 U.S.C. §1915.2 Specifically, §1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

For the reasons set forth below, the action is subject to dismissal as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of §1915(e)(2), the former §1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A Bivens-type action is the federal counterpart to an action filed under 42 U.S.C. §1983. See Paton v. LaPrade, 524 F.2d 82 (3d Cir. 1975); Farmer v.

---

[2]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

Carlson, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988)(Nealon, J.).

Central to any claim for relief under 42 U.S.C. §1983 is that the plaintiff must allege that he has been deprived of a "right, privilege or immunity secured by the Constitution and laws," by a person acting "under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). Plaintiff fails to allege that Defendant Inmate Jose Lopez Hernandez was acting under color of state law. Moreover, there is no allegation that Inmate Jose Lopez Hernandez was acting in conspiracy or concert with some person or persons who could be considered state actors for purposes of section 1983. See Dennis v. Sparks, 449 U.S. 24 (1980). Consequently, the claim against him has no arguable basis in either law or fact and is therefore legally frivolous.

Thus, under the circumstances, the Court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915(d) is designed to preserve. See Roman v. Jeffes, 904 F.2d 192, 195 n. 3 (3d Cir. 1990). An appropriate order will follow.

Dated: May 19, 2015                /s/William J. Nealon
                                   **United States District Judge**